IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MATTHEW T. LANGENBERG, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 12-175 Erie |
| | ) | |
| JOHN P. PAPALIA, FACHE, *and* WARREN GENERAL HOSPITAL | ) | Judge Nora Barry Fischer |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM ORDER

AND NOW, this 24th day of September, 2014, upon consideration of Plaintiff's Motion to Stay and Brief in Support (Docket No. [73]), Defendants' Brief in Opposition to same (Docket No. [76]), the parties' arguments before the Court on August 19, 2014, their supplemental submissions (Docket Nos. [83], [84], [85], and [87]),[1] and other correspondence,

IT IS HEREBY ORDERED that Plaintiff's Motion [73] is GRANTED. In support of this ORDER, the Court notes:

The Supreme Court of the United States has long recognized that district courts have broad discretion to manage their dockets, including the power to grant a stay of proceedings. *Wonderland NurseryGoods Co., Ltd. v. Thorley Indus., LLC*, 2014 WL 695549 at *4 (W.D. Pa. Feb. 24, 2014) *reconsideration denied*, 2014 WL 2608117 (W.D. Pa. June 11, 2014) (quoting *Procter & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d 842, 848–49 (Fed. Cir. 2008)). A Court's power to stay proceedings "is incidental to the power inherent in every court to control

---

[1] The Court notes that many of the parties' supplemental submissions to the Court provide further insight for this Court's resolution of this matter on the merits.

1

the disposition of causes on its docket with economy of time and effort for itself, for counsel and for litigants." *Id.*[2]

Notwithstanding the district court's broad discretion in determining the appropriateness of a stay, the Supreme Court instructs that, in deciding whether to stay a suit pending the outcome of another suit, "the suppliant for a stay must make out a clear case of hardship or inequity." *Infinity Computer Products, Inc. v. Brother Int'l Corp.*, 909 F. Supp. 2d 415, 420 (E.D. Pa. 2012) (quoting *Landis v. North American Co.*, 299 U.S. 248, 255 (1936); and citing *CTF Hotel Holdings, Inc. v. Marriott Int'l, Inc.*, 381 F.3d 131, 139 (3d Cir. 2004)). A Court must exercise its judgment in weighing the competing interests and maintain an even balance when staying a proceeding. *Id.*[3] It is not considered an abuse of discretion for a district court judge to impose a stay pending the outcome of an administrative proceeding. *See Cheney State College Faculty v. Hugstedler*, 703 F.2d 732, 738 (3d Cir. 1983). In *Cheney*, the United States Court of Appeals for the Third Circuit noted that that particular suit was complex, and some of the issues may be resolved through the "flexibility of the administrative process." *Id.* The court held that district court's imposition of a "moderate and actively monitored stay" was not an abuse of discretion. *Id.* As noted above, the Court must weigh the competing interests but should maintain an even balance when staying a proceeding. *See Wonderland*, 2014 WL 695549 at *4; *See also Rogers v. Columbia/HCA of Central Louisiana*, 961 F. Supp. 960, 968 (W.D. La. 1997) (holding that judicial economy would be best served by requiring physician plaintiff to exhaust his administrative remedies with respect to the filing of an Adverse Action Report with the NPDB).

---

[2] *See Bechtel Corp. v. Local 215, Laborers' Int'l Union*, 544 F.2d 1207, 1215 (3d Cir. 1976) (quoting *Landis v. North Am. Co.*, 299 U.S. 248, 254–55 (1936)); *see also Gould v. Control Laser Corp.*, 705 F.2d 1340, 1341 (Fed. Cir. 1983); *Gunduz v. U.S. Citizenship and Immigration Servs.*, 2007 WL 4343246, *1 (W.D. Pa. Dec. 11, 2007).
[3] *See Landis*, 299 U.S. at 254–55; *Cheyney State College Faculty v. Hufstedler*, 703 F.2d 732, 737-38 (3d Cir. 1983); and *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005).

2

Here, the requested stay is not for an indefinite period of time[4] and, thus, would not be considered an abuse of discretion. *See Landis*, 299 U.S. at 257. The pending administrative proceeding and subsequent district court action could resolve factual disputes and have a direct impact on the liability and damages aspects of Counts 7 and 8, as well as upon any possible exemplary or punitive damages award from a jury. *See Am. Acad. Of Orthopaedic Surgeons v. Cerciello*, 2012 WL 5471108, at *4–5 (N.D.Ill. Nov. 9, 2012) (quoting *Reiter v. Cooper*, 507 U.S. 258, 268 (1993) ("When the issue is a question of fact, however, a court should stay the case to permit the appropriate administrative agency to decide it.")).

In this Court's estimation, Plaintiff has demonstrated hardship in that, without a stay, he would be required to simultaneously incur expenses in litigating some of the same issues in the administrative and potential related district court proceedings as well as the present litigation. (Docket No. 84). Furthermore, a stay will prevent the potentially unnecessary depositions of Plaintiff's experts, who have opined contrary to the current administrative agency's decision. (Docket No. 73 at 5). *See Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 E.D. Tex. 2005). In addition, both Plaintiff and Defendants possibly could save resources by having fewer experts testify at potentially fewer hearings, should the ongoing administrative proceedings and related district court action resolve any issues that also appear before this Court. Staying the present proceedings while Plaintiff exhausts his administrative remedies will prevent the redundant resolution of factual issues. Accordingly, judicial resources and the parties' resources will be preserved.

---

[4] This Court was advised by Plaintiff's counsel on September 23, 2014 that he plans to file, within the next 21 days, a Complaint/Petition for Review in United States District Court against the United States Department of Health and Human Services/National Practitioner's Data Bank. Jurisdiction will be based on 5 U.S.C. § 701 (Administrative Procedures Act), and 28 U.S.C. Sec. 1331 (Federal Question), and venue will be determined by 28 U.S.C. 1391 (e). *See Costa v. Leavitt*, 442 F. Supp. 2d 754 (D. Neb. 2006).

Although Defendants argue that a stay will delay the present case indefinitely, delay alone does not prejudice a party. *See Everett Labs, Inc., v. River's Edge Pharmaceuticals, LLC*, 2009 WL 4508584 (D.N.J. 2009). At this point in the litigation, a stay is warranted because there is no outstanding expert discovery, dispositive motion dates have not been set, and trial has not been scheduled. While depositions have been taken,[5] the Defendants point out that many witnesses have not been deposed yet.[6] (Docket No. 76 at 13); *See Wonderland*, F. Supp. 2d at 465 (citing *Spa Syspatronic, AG v. Verifone, Inc.,* 2008 WL 1886020 at *4 (E.D. Tex. Apr. 25, 2008) (finding a stay was favored where defendant moved for a stay prior to the court issuing dates for the *Markman* hearing and trial).[7] Further, this case does not encompass the life of a patent-infringing product or on-going royalty issues which could be jeopardized in the event of a stay being issued. Rather, it involves a medical doctor seeking an administrative remedy which could have a significant impact upon this litigation, his current position, his future in the medical profession, as well as the defendant hospital's handling of physician employee disputes. (Docket No. 73 at 5).

In opposing the Motion to Stay, Defendants aver that they are incurring costs, specifically electronic discovery costs. (Docket Nos. 85, 85-1). Traditionally, parties are responsible for their own fees and costs under the American Rule, in the absence of statutory or contractual

---

[5] At this point in the litigation, several important witnesses and parties have been deposed, however many individuals — particularly those who were the recipients of Plaintiff's allegedly disruptive and abusive behaviors and physicians and executive staff administrative staff members who participated in corrective action or behavioral modification meetings with Plaintiff — have not been deposed. (Docket No. 76 at 13). The Court notes that this case is over two-years old, and in this district, most employment cases complete discovery in a period of approximately five to six months. To the extent that witnesses have not been deposed yet, to this Court's knowledge, it would appear that that is a result of the attorneys' scheduling or lack of same.

[6] In the event that it is determined that certain witnesses are ill or planning to leave the jurisdiction, either party shall promptly move this Court to life the stay to permit such witness(es)' deposition(s).

[7] The cases cited in the Defendant's Brief on this issue are distinguishable in this regard, as in those matters, there was substantial trial preparation. For example, in the *Xerox* case, expert reports were to be exchanged within a few days, dispositive motions had concluded, and a pre-trial conference was scheduled. *Xerox Corp. v. 3Com Corp.*, 69 F.Supp.2d 404, 408 (W.D.N.Y. 1999). In *Sicoli v. Nabisco Biscuit Co.*, the court noted that "Defendant has incurred all of the costs and expense of preparing for trial in this action." 734 F.Supp. 656, 658 (D.Del. 1990).

4

authorization. *Polonski v. Trump Taj Mahal Assoc.*, 137 F.3d 139, 145 (3d. Cir. 1998) (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 255 (1975)). The Court points to the United States Court of Appeals for the Third Circuit's analysis of cost-shifting relative to electronic discovery in *Race Tires America, Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158, 171 (3d. Cir 2012) *cert. denied*, 133 S. Ct. 233 (2012), wherein the Court determined that electronic discovery "copying" fees are taxable pursuant to 28 U.S.C. § 1920(4):

> [O]f the numerous services the vendors performed, only the scanning of hard copy documents, the conversion of native files to TIFF, and the transfer of VHS tapes to DVD involved "copying," and that the costs attributable to only those activities are recoverable under § 1920(4)'s allowance for the "costs of making copies of any materials."

*Id.* In the event that Defendants are the prevailing party, this Court notes that Plaintiff may be subject to the taxation of costs, including Defendants' e-discovery costs, consistent with § 1920(4) and such Third Circuit precedent. *See, e.g.*, *Race Tires Am., Inc.*, 674 F.3d 158.

After weighing the competing interests of both the parties, the Court finds that a stay will not unduly prejudice Defendants, will avoid duplicative and/or concurrent litigation, and will preserve judicial and party resources. Accordingly, IT IS HEREBY ORDERED that the present matter is STAYED for six (6) months, after which the parties shall file a joint status report with the Court relative to the status of Plaintiff's anticipated district court action against the United States Department of Health and Human Services/National Practitioner's Data Bank, due **on or before March 24, 2015**.

*s/ Judge Nora Barry Fischer*
Judge Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record.

5